### (April 18, 1974)

HATTIE E. ZUBAL, Respondent, v. STATE OF NEW YORK, Appellant. (Claim Nos. 51661 and 51662.) — Appeal from a judgment in favor of claimant, entered August 26, 1971, upon a decision of the Court of Claims. On a prior appeal in this case (*Zubal* v. *State of New York*, 43 A D 2d 596), we withheld determination of the appeal, and remitted the case to the Court of Claims for new or additional findings in accordance with our decision therein. We held in that decision that the trial court had found a before value for buildings and land improvements $5,265 higher than the most favorable testimony for the claimant, and that the award for direct damages for the land taken was $2,778 higher than the evidence indicated. We, therefore, determined that the trial court's before value for buildings and land improvements, and direct damages to the land were outside the range of testimony and the remittal was for the purpose of explanation and new findings. The trial court has filed a supplemental decision, dated February 11, 1974, wherein the court makes the following explanation for his before value outside the range of

testimony: "The Court's valuation was based upon a consideration of the economic rental per square foot of the subject property. The adjustments of the comparables by both appraisers did not adequately reflect the true value of the land improvements and buildings. Therefore, the Court found a before value to be $59,750." We do not consider this to be an adequate explanation, nor is it supported by the evidence. Therefore, the claimant's appraiser's before value of land improvements and buildings must be adopted. In its supplemental decision, the trial court found a before value for land of $38,500, and for buildings and improvements of $59,750 for a total before value of $98,250. The after value for land was $32,000, for buildings and improvements was $48,250, resulting in a total of $80,250. The trial court awarded direct damages to land of $6,500, direct damages to land improvements and buildings of $3,000, and consequential damages of $8,500. We find a before value for land improvements and buildings of $54,485, and an after value as found by the court of $48,250, and damages to land improvements and buildings of $6,235. In regard to damages to land, the trial court revised its findings to assign $6,500 for direct damages rather than the $9,500 originally awarded. Thus, the $6,500 figure for direct damages to land is now within the range of testimony. The total award for damages should be $12,735 consisting of $6,500 for direct damages to land, and $6,235 for damages to land improvements and buildings, allocating $400 for land improvements and $5,835 for consequential damages. Judgment modified, on the law and the facts, by reducing the award to $12,735 with appropriate interest, and, as so modified, affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Kane and Reynolds, JJ., concur.